■ JULIUS NOVEMBER, Respondent, v. TIME, INC., et al., Appellants.— Order entered June 8, 1961 denying defendants' motion to dismiss the complaint for legal insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice unanimously reversed on the law and the complaint dismissed, with $20 costs and disbursements to defendants-appellants. The allegedly libelous matter, read in the context of the entire article, cannot be fairly construed as imputing incompetency or unethical conduct by plaintiff, an attorney, in representing his client. The consequences, unhappy though they may have been, of the legal advice given by plaintiff, as described in the article, were not such as would permit an inference that plaintiff carelessly or deliberately misled the client. Concur — Breitel, J. P., Rabin, McNally, Eager and Bergan, JJ.

■ HARRY R. CANT, Respondent, v. MUNDET CORK CORPORATION, Appellant. — Order entered on May 1, 1962, denying a stay of the prosecution of this action pending the determination of a prior action in the United States District Court for the Southern District of New York entitled *Mundet Cork Corp.* v. *Birrell*, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion therefor granted, with leave to plaintiff to move for a vacatur of said stay in the event the prior action in the Federal court is not advanced for trial with reasonable speed. The trial of the instant case may become unnecessary if defendant Mundet Cork Corporation prevails in the cause pending in the United States District Court. In the complex of litigation it is evident that the action in the Federal court is the principal one. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.